IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| APCC SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv0260 (JCC/JFA) |
| ) | |
| TELECENTS COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## AMENDED PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 7). Plaintiff APCC Services, Inc. ("APCC") seeks a default judgment against the defendant TeleCents Communications, Inc. ("TeleCents"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the Court this amended version of the proposed findings of fact and recommendations to correct two typographical errors on page 2, a copy of which will be provided to all parties.

### Procedural Background

On March 10, 2009, APCC filed its complaint alleging that TeleCents breached a Settlement Agreement and Release, as amended ("Settlement Agreement") with APCC. (Docket no. 1). In the complaint APCC seeks the entry of a judgment in the amount of $105,000.00 for the outstanding payment due under the terms of the Settlement Agreement, interest at the rate of 11.25% as provided in the Settlement Agreement and the attorney's fees and costs associated with the filing of this action. (Docket no. 1). On March 10, 2009, a summons was issued and given to counsel for APCC for service on TeleCents. (Docket no. 3).

According to the return of service filed with the Court on March 24, 2009, "Heather Watkins, Accounts Payable Manager, authorized to accept" was served in person with the summons and complaint on March 12, 2009. (Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading from TeleCents was due on April 1, 2009, 20 days after service of the summons and complaint.

TeleCents failed to file a responsive pleading in a timely manner and on April 10, 2009, APCC filed a request for entry of default. (Docket no. 5). The Clerk of Court entered default against TeleCents pursuant to Fed. R. Civ. P. 55(a) on April 14, 2009. (Docket no. 6). On April 22, 2009, APCC filed a motion for default judgment and noticed it for a hearing on May 8, 2009. (Docket nos. 7, 8). In support of its motion for default judgment APCC submitted a declaration from Ruth Jaeger and an affidavit from Charles V. Mehler III. (Docket no. 7, Exs. A, B). On May 8, 2009 this matter was called in open Court and counsel for APCC appeared and no one appeared on behalf of TeleCents. (Docket no. 9).

### Factual Background

The following facts are established by the complaint (Docket no. 1) and the declaration and affidavit submitted in support of the motion for default judgment (Docket no. 7). APCC is a Virginia corporation with its principal place of business in Alexandria, Virginia. (Compl. ¶ 2). TeleCents is a Michigan corporation with it principal place of business in Michigan. (Compl. ¶ 3). The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. (Compl. ¶¶ 4, 12).

APCC and TeleCents entered into a Settlement Agreement on October 3, 2007 to resolve certain informal complaints APCC had filed with the Federal Communications Commission. (Compl. ¶ 6, Ex. A). Pursuant to this Settlement Agreement TeleCents agreed to make certain

2

payments to APCC. (Compl. ¶ 7). On April 15, 2008, APCC and TeleCents executed an amendment to the Settlement Agreement modifying the payment schedule. (Compl. ¶ 9, Ex. B). TeleCents made certain payments due under the Settlement Agreement but failed to make the final payment of $105,000.00 that was due on November 1, 2008. (Compl. ¶ 12). Pursuant to paragraph 4 of the Settlement Agreement, APCC notified TeleCents that it was in default of the Settlement Agreement for failure to pay the amount due. (Compl. ¶¶ 13, 15). TeleCents did not cure its default within five business days of the notice of default. (Compl. ¶ 16). The Settlement Agreement provides in paragraph 4 that in the event of default, TeleCents is responsible to pay interest on late payments at the annual FCC-prescribed rate of 11.25% and TeleCents agreed to pay the reasonable attorney's fees and other costs incurred by APCC in connection with any action filed to enforce payment under the Settlement Agreement in which APCC substantially prevailed. (Compl. Ex. A, ¶ 4). The Settlement Agreement also provides that TeleCents consents to any enforcement action under the Settlement Agreement being filed in the Eastern District of Virginia. (Compl. Ex. A, ¶ 4).

In addition to a judgment for the $105,000.00 payment, with interest at the rate of 11.25% from November 1, 2008 until paid, APCC also seeks an award of $6,597.00 for attorney's fees and $618.70 in costs incurred in this action. (Mehler Affid. ¶¶ 9, 10). In support of this request, APCC filed an affidavit from Charles Mehler stating the number of hours he worked on this matter (14.9), his hourly rate ($430.00), the number of hours Albert Kramer worked on this matter (0.4) and his hourly rate ($475.00). (Mehler Affid. ¶ 9). The affidavit from Mr. Mehler provides basic information concerning the position and level of experience of the two timekeepers included in the fee request and states that the hourly rates are the normal billing rates for Dickstein Shapiro LLP. (Mehler Affid. ¶¶ 2, 3, 9).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on TeleCents' failure to file a responsive pleading in a timely manner, the Clerk has entered a default. (Docket no. 6).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. APCC states that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). (Compl. ¶ 4). APCC is a Virginia corporation with its principal place of business in Virginia. (Compl. ¶ 2). TeleCents is a Michigan corporation with a principal place of business in Michigan. (Compl. ¶ 3). The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. (Compl. ¶ 4). Since this action is between citizens of different states and the amount in controversy requirement is satisfied, there is subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

As stated in the complaint and shown in paragraph 4 of the Settlement Agreement, TeleCents consented to any enforcement action under the Settlement Agreement being brought in the Eastern District of Virginia and waived any right to challenge the jurisdiction of this Court. (Compl. ¶ 14, Ex. A, ¶ 4). This Court has personal jurisdiction over TeleCents, not only based on its agreement to submit to the jurisdiction of this Court, but also under Virginia's long arm statute, Virginia Code § 8.01-328.1, since the cause of action arises from TeleCents entering into a Settlement Agreement with APCC, a Virginia corporation, in which it agreed to make payments for the benefit of APCC to a bank in Alexandria, Virginia, and did in fact make multiple payments to that bank in Virginia pursuant to the Settlement Agreement. (Compl. ¶¶ 8, 12, Ex. A, ¶ 2).

For these reasons, the undersigned magistrate judge recommends a finding that this Court has subject matter jurisdiction over this action, that the Court has personal jurisdiction over TeleCents and that venue is proper in this Court.

### Service

TeleCents was served by having the summons and complaint delivered in person to an authorized representative in Walled Lake, Michigan on March 12, 2009. (Docket no. 4). Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Virginia Code § 8.01-320A provides that personal service outside of Virginia shall have the same effect as personal service on the nonresident within Virginia when the court can exercise jurisdiction over the nonresident pursuant to § 8.01-328.1 (the

5

Virginia long arm statute). Since this Court can exercise jurisdiction over TeleCents pursuant to the Virginia long arm statute, personal service on an authorized agent outside of Virginia has the same effect as personal service within Virginia. Accordingly, the undersigned magistrate judge recommends a finding that TeleCents was served properly with the summons and complaint.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), a responsive pleading was due by TeleCents on April 1, 2009. No responsive pleading was filed by TeleCents in a timely manner and on April 10, 2009, APCC filed its request for entry of default with a supporting affidavit. (Docket no. 5). The Clerk of the Court entered a default on April 14, 2009. (Docket no. 6). The motion for default judgment and the notice of a hearing were filed on April 22, 2009 and they were served on TeleCents by mail on April 22, 2009 (Docket nos. 7, 8).

Based on the above, the undersigned magistrate judge recommends a finding that TeleCents was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to TeleCents.

### Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because TeleCents did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, TeleCents has breached certain provisions of the Settlement Agreement. (Compl. ¶¶ 12-18).

The complaint seeks a judgment in the amount of $105,000.00, the final payment that was due under the terms of the Settlement Agreement on November 1, 2008. APCC also

6

requests an award of interest at the agreed upon rate of 11.25% from November 1, 2008 until paid. (Compl. ¶¶ 13, 17). The Settlement Agreement also provides that in the event of a default, TeleCents is responsible to pay the reasonable attorney's fees and costs incurred in bringing any successful action to enforce the Settlement Agreement. (Compl. ¶ 14). Mr. Mehler has stated under the penalty of perjury that the attorney's fees and costs incurred by APCC, calculated at the normal hourly rates for Disckstein Shapiro LLP, totaled $6,597.00 in fees, $350.00 for the filing fee and $268.70 for the process server fee. (Mehler Affid. ¶¶ 9, 10).

The facts set forth in the complaint and the declaration from Ruth Jaeger establish that APCC and TeleCents entered into a Settlement Agreement and that TeleCents agreed to pay certain amounts to APCC. TeleCents also agreed that in the event of default it would be responsible for the payment of reasonable attorney's fees and costs resulting from the event of default in addition to interest at the agreed upon rate of 11.25%. (Compl. Ex. A, ¶ 4). As stated in the complaint, TeleCents breached the Settlement Agreement by not making the final payment of $105,000.00 and APCC declared TeleCents in default. (Compl. ¶¶ 12, 15). TeleCents failed to cure the default within five business days and this action was filed. Finally, APCC has incurred attorney's fees and costs totaling $7,215.70 in connection with this action.[1]

---

[1] The submissions from APCC are not sufficient for the Court to make a determination as to whether the attorney's fees and costs sought in this action are reasonable under the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). However, in reviewing the total amount requested, the total number of hours spent in preparing the complaint, arranging for service, requesting the entry of default, preparing the motion for default judgment and appearing at the hearing on the motion, and taking into consideration the defendant has not objected to these amounts, the undersigned considers the amount sought for attorney's fees in this action to be reasonable and owed under the terms of the Settlement Agreement.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of APCC Services, Inc. against TeleCents Communications, Inc. in the amount of $105,000.00 for the final payment due under the Settlement Agreement, with interest accruing at the rate of 11.25% from November 1, 2008 until paid and attorney's fees and costs in the amount of $7,215.70.

### Notice

By means of the Court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendant TeleCents Communications, Inc. the parties are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this proposed findings of fact and recommendations to TeleCents Communications, Inc., 8615 Richardson Road, Suite 200, Walled Lake, Michigan 48390.

ENTERED this 28th day of May, 2009.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia